## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON JOHNSON,

*Petitioner,*

v.

JOSEPH TERRA, et al.,

*Respondents.*

CIVIL ACTION
NO. 23-4778

### ORDER

**AND NOW**, this 22nd day of April 2024, upon consideration of Aaron Johnson's

Petition and Amended Petition for a Writ of *Habeas Corpus* (ECF Nos. 1 and 6), his

Motion to Stay and Hold in Abeyance the Proceedings (ECF No. 5), the

Commonwealth's Response to the Motion to Stay (ECF No. 9), Johnson's Reply (ECF

No. 10), the Report and Recommendation of United States Magistrate Judge Carlos

(ECF No. 11), Johnson's Objections (ECF Nos. 12 and 13), his Motions to Supplement

his *Habeas Corpus* Petition (ECF Nos. 16 and 17), and all other relevant filings, it is

hereby **ORDERED**:

1.  The Report and Recommendation (ECF No. 11) is **APPROVED** and

    **ADOPTED.**[1]

---

[1]     In 1994, a jury found Johnson guilty of aggravated assault and related charges arising from
the shooting and robbery of Anthony Pellot.  *See Commonwealth v. Johnson*, No. 806 EDA 2020,
2021 WL 1086859, at *1 (Pa. Super. Mar. 22, 2021) (*Johnson I); Commonwealth v. Johnson*, No. 1065
EDA 2022, 2023 WL 4636786, at *1 (Pa. Super. July 20, 2023) (*Johnson II*).  Johnson filed at least
six petitions pursuant to the Pennsylvania Post-Conviction Relief Act, seeking collateral relief, from
this conviction—all of which were denied or dismissed as untimely. *Johnson I*, 2021 WL 1086859, at
*1, 3.

        In 2009, Pellot died as a result of complications from the injuries he sustained from
Johnson's shooting.  Johnson was subsequently charged and convicted of Pellot's murder.  *Johnson*

*II*, 2023 WL 4636786, at*1.  The Pennsylvania Superior Court affirmed his conviction on direct appeal, and on August 18, 2014 the Pennsylvania Supreme Court denied allowance of appeal.  *Id.* at *2.

Johnson then filed his seventh PCRA petition (but first challenging his murder conviction) on August 4, 2015.  *Johnson II*, 2023 WL 4636786, at *2. The petition was dismissed without an evidentiary hearing, and Johnson appealed that decision to the Pennsylvania Superior Court.  *Id.*  In October 2022, Johnson filed an eighth PCRA petition (and second challenging his murder conviction).  *See* (Resp. to Mot. for Stay and Abeyance, p. 3, ECF No. 9).  That same month, his eighth PCRA petition was dismissed for lack of jurisdiction due to the pending appeal of his already-filed seventh PCRA petition challenging the same conviction.  *See* (Pa. Ct. Com. Pl. Oct. 31, 2022 Order, ECF No. 9-4) (citing *Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. Ct. 2019)).

In July 2023, the Superior Court affirmed the denial of Johnson's seventh PCRA petition.  *Johnson II*, 2023 WL 4636786, at *5.  Johnson has since petitioned the Supreme Court for allowance of appeal.  *See Docket Sheet, Commonwealth v. Johnson*, No. CP-51-CR-0003744-2010 (Pa. Ct. Com. Pl.)

Although Johnson is still litigating his collateral appeal in state court, he filed this habeas petition, several amendments and supplemental filings to the petition, and a motion to stay his proceedings in federal court.  (ECF Nos. 1, 5, 6, 16 and 17).  Johnson's habeas petition raises the claims that he tried to present in his eighth PCRA petition: (1) the "ineffective assistance of all prior counsels" and (2) the Commonwealth violated *Brady v. Maryland* by withholding exculpatory evidence "that pointed to an alternative cause of death."  (Am. Hab. Pet., pp. 9, 10, ECF No. 6).

A stay is available only where the petitioner had "good cause" for failing to exhaust his claims in state courts, the unexhausted claims are not "plainly meritless," and the petition has not engaged in "intentionally dilatory litigation tactics."  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  The Third Circuit has not "definitively outline[d] the bounds of [good cause]," but has "instructed district courts to consider how much time remains for a petitioner to file a subsequent petition in determining whether good cause exists."  *Tarselli v. Superintendent Greene SCI*, 726 F. App'x 869, 875 (3d Cir. 2018) (alterations in original) (quoting *Heleva v. Brook*s, 581 F.3d 187, 192–93 (3d Cir. 2009).

There is good cause to stay Johnson's federal habeas proceedings.  His period for filing a timely habeas petition began running when the judgment in his murder case became final—November 26, 2014.  *See* § 2244(d)(2).  On August 4, 2015—251 days after judgment became final—Johnson filed his seventh PCRA petition, stopping his habeas clock.  *See Id.*; *see also* (R&R, p. 10, ECF No. 11).  After the state courts finish considering Johnson's seventh PCRA petition, he will have 114 days to timely file a habeas petition.  As Judge Carlos notes in her R&R, 114 days would typically be enough time to file a habeas petition, but in this instance, Johnson must first file another PCRA petition—containing the two claims that were dismissed in his eighth petition and that he raises in his habeas petition—to satisfy his exhaustion requirement.  (R&R, p. 5).  But "depending on the state court's timeliness determination [regarding the subsequent PCRA petition], that petition may or may not toll the habeas limitations period," (R&R, p. 6), which could "jeopardize the timeliness of a collateral attack."  *Crews v. Horn*, 30 F.3d 146, 154 (3d Cir. 2004).

Furthermore, Johnson's claims of ineffectiveness of counsel and failure to turn over exculpatory evidence do not appear "plainly meritless," although the Court does not opine as to their

2. Johnson's Motion to Stay (ECF No. 5) is **GRANTED.**

3. Johnson's Motions to Supplement his *Habeas Corpus* Petition (ECF Nos. 16 and 17) are **DENIED** without prejudice**.**

4. The instant matter is **STAYED** pending the completion of the Johnson's state PCRA proceedings.

5. Johnson shall **NOTIFY** this Court within thirty (30) days of the conclusion of his state PCRA proceedings and **ADVISE** whether he seeks to pursue his federal habeas petition.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

merits. Nor does it appear from the record that Johnson engaged in dilatory litigation tactics, as he has no interest in delaying a decision on his habeas petition.

The state court proceedings will inform this Court's analysis of Johnson's federal habeas petition. The doctrine of comity "teaches that one court should defer actions on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Rhines v. Weber*, 544 U.S. at 274 (quotation omitted).

Finally, Johnson objects to, *inter alia*, how Judge Carlos has numbered Johnson's PCRA petitions, styled earlier cases involving Johnson as *Johnson I* and *Johnson II*, described Pellot's cause of death, and characterized Johnson's legal history. *See* (Objections, pp. 2-3, ECF No. 12). None of Johnson's objections implicate Judge Carlos's recommendation that the Court should stay and hold in abeyance the habeas proceedings—a recommendation that is consistent with Johnson's own request. The Court reviews those portions of the R&R to which parties have not objected— which here includes Judge Carlos's recommendation to stay and hold in abeyance the proceedings— for clear error, and finds no such error here. *See Harris v. Mahally*, No. 14-2879, 2016 U.S. Dist. LEXIS 111992, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). The Court will, if necessary, consider the merits of Johnson's federal habeas petition, and any relevant objections that he might raise to Judge Carlos's subsequent R&R, at an appropriate time.